# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 16-00090-KD-B |
| ) | |
| TERANCE GAMBLE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Defendant Terance Gamble's motion to dismiss the Indictment and memorandum in support (docs. 18, 19).[1] Upon consideration and for the reasons set forth herein, the motion to dismiss is denied.

On May 27, 2016, Gamble was convicted in the Mobile County, Alabama Circuit Court, Criminal Action No. 2016-2740, as a prohibited person in possession of a firearm in violation of Ala. Code § 13A-11-72. Now, in consideration of the same incident of November 29, 2015 that gave rise to his state court conviction, he has been indicted in the district court for violation of 18 U.S.C. § 922(g)(1) as a prohibited person in possession of a firearm.

Gamble argues that the dual prosecution by this Court and the State of Alabama subjects him to Double Jeopardy. He relies upon the recent decision in *Commonwealth of Puerto Rico v. Sanchez-Valle,* --- S. Ct. ---, 2016 WL 3189527 (June 9, 2016), wherein the Supreme Court held that the Double Jeopardy Clause barred the United States and Puerto Rico from separately prosecuting Sanchez-Valle for the same conduct under equivalent criminal laws because the

---

[1] Defendant's motion for leave to file the motion to dismiss beyond the time set in the Pretrial Order (doc. 17) is GRANTED.

Commonwealth of Puerto Rico and the United States were not separate sovereigns. More specifically, Gamble relies upon the concurrence of Justice Ginsberg, joined by Justice Thomas, for the premise that dual sovereign prosecutions "warrant attention in a future case in which a defendant faces successive prosecutions by parts of the whole USA." *Id.* at *11.  Gamble asserts that "the sovereignty of the United States derives from the people", and "[t]hose same people, at least a sub-group of them, to wit the people of Alabama, confer authority on their state."  Thus, he argues "the people cannot prosecute two times for the same offense" (doc. 19, p. 3).

The following is binding precedent that dictates the Court's decision. In *United States v. Hayes*, 589 F. 2d 811 (5th Cir. 1979), the Fifth Circuit held as follows:

> Appellant's first group of arguments concern the validity of the federal prosecution in light of the previous state prosecution. First, appellant urges this court to abandon the well-established rule that there is no constitutional bar to successive state and federal prosecutions for the same criminal conduct. The leading cases in this area are *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) and *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). In *Abbate,* the defendant had first been tried and convicted in an Illinois court for conspiring to damage another's property and had been sentenced to three months imprisonment. He was subsequently prosecuted by the federal government for conspiring to destroy communications facilities operated or controlled by the United States, 18 U.S.C. s 1362 (1964). *Bartkus* involved a defendant who was convicted of armed robbery under Illinois law, after having been acquitted by a federal jury of robbing a federally insured savings and loan association, 18 U.S.C. § 2113 (1964). The Court reasoned that to outlaw successive prosecution would enable one sovereign to interfere with the administration of the other's criminal law. The classic formulation of this "dual sovereignty" concept states:
>
>> We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other. It follows that an act denounced as a crime by both national and state sovereignties is an offense

>
> against the peace and dignity of both and may be punished by each.
>
> *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922).
>
> While the Court has consistently expressed concern over the possible abuses of dual prosecutions, *See Bartkus v. Illinois*, 359 U.S. 121, 138, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) ("the greatest self-restraint is necessary when that federal system yields results with which a court is in little sympathy"); *United States v. Lanza*, 260 U.S. 377, 383, 43 S.Ct. 141, 67 L.Ed. 314 (1922) ("in the benignant spirit" in which the federal system is administered, defendants should be subject to dual state-federal prosecutions only "in instances of peculiar enormity"), Quoting *Fox v. Ohio*, 46 U.S. (5 How.) 410, 434, 12 L.Ed. 213 (1847), and while the *Lanza-Abbate-Bartkus* doctrine has met harsh criticism, *See, e. g.,* Harrison, Federalism and Double Jeopardy; A Study in the Frustration of Human Rights, 17 U. Miami L.Rev. 306 (1963); Fisher, Two Sovereignties and the Intruding Constitution, 28 U.Chi.L.Rev. 591, 599 (1961); Grant, The Lanza Rule of Successive Prosecutions, 32 Colum.L.Rev. 1309, 1329 (1932), the doctrine has nonetheless been applied consistently by the Circuit Courts. *See, e.g., United States v. Harris,* 551 F.2d 621 (5th Cir.), Cert. denied, 434 U.S. 836, 98 S.Ct. 125, 54 L.Ed.2d 98 (1977); *United States v. Cordova*, 537 F.2d 1073, 1075 (9th Cir.), Cert. denied, 429 U.S. 960, 97 S.Ct. 385, 50 L.Ed.2d 327 (1976); *United States v. Villano*, 529 F.2d 1046, 1061 (10th Cir.), Cert. denied, 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1193 (1976); *United States v. Johnson*, 516 F.2d 209, 212 (8th Cir.), Cert. denied, 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); *United States v. Barone*, 467 F.2d 247, 250 (2d Cir. 1972). Moreover, the Supreme Court has recently reaffirmed the dual sovereignty doctrine. *See United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978) (Indian tribe and federal government are dual sovereigns); *Rinaldi v. United States*, 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977) (dictum) (dual sovereignty principle is inherent in the federal system). Unless and until the Supreme Court overturns *Abbate*, appellant's double jeopardy claim must fail.

*United States v. Hayes*, 589 F.2d 811, 817-18 (5th Cir. 1979); *See also Lloyd v. Marshall,* 525 F. App'x 889, 892 (11th Cir. 2013) ("Lloyd's argument that his prosecution in the federal and state courts violated the Double Jeopardy Clause lacks merit[.]") (citing *Abbate v. United States,* 359

3

U.S. 187, 189–96, 79 S.Ct. 666, 668–71, 3 L.Ed.2d 729 (1959)); *United States v. Morgan*, 337 F. App'x 798, 800 (11th Cir. 2009) ("Morgan argues that the instant prosecution violated his right against double jeopardy because he was previously convicted in Fulton County, Georgia of the same felon-in-possession offense. The argument fails, however, because, as he properly concedes, the Supreme Court has rejected it.") (citing *Abbate v. United States*, 359 U.S. 187, 189–96, 79 S.Ct. 666, 668–71, 3 L.Ed.2d 729 (1959));  *United States v. Harden*, 37 F.3d 595, 598 (11th Cir.1994) ("[T]he United States Attorney has prosecutorial discretion even if a case is first referred for state prosecution because a defendant may be prosecuted and convicted under a federal statute following conviction in state court for the same conduct without violating due process." ) (citing *Abbate v. United States*, 359 U.S. 187, 190–96, 79 S.Ct. 666, 668–71, 3 L.Ed.2d 729 (1959))); *United States v. Brown*, 186 F. App'x 914, 918 (11th Cir. 2006) ("Furthermore, '[t]he Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct.'") (quoting *United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir.2004)).

Accordingly, unless and until the Supreme Court overturns *Abbate,* Gamble's Double Jeopardy claim must likewise fail.

**DONE** and **ORDERED** this 20th day of June 2016.


s  / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**